UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSBORNE HODGE, et al.,

                Plaintiffs,

-against-

UNITED STATES OF AMERICA, et al.,

                Defendants.

20-CV-3451 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiffs, a group of landowners, proceeding *pro se*, bring this action against the United States, the U.S. Department of the Interior, the National Park Service, and David Bernhardt, the Secretary of the U.S. Department of the Interior (collectively referred to as the "United States"), alleging that the United States has deprived them of their property rights in certain tracts of land located in the U.S. Virgin Islands. Plaintiffs also assert that the United States unlawfully failed to maintain the land records that would establish their entitlement to the disputed properties. Because Plaintiffs bring this action seeking to quiet title to real property in the U.S. Virgin Islands, the Court construes this action as being brought under the Quiet Title Act, 28 U.S.C. § 2409a ("QTA").[1] For the following reasons, this action is transferred to the United States District Court of the Virgin Islands.

---

[1] Plaintiffs purportedly bring their claims under 18 U.S.C. §§ 241 and 242, criminal statutes for conspiracy and deprivation of rights under color of law; 43 U.S.C. §§ 751 and 752, statutes that provide the procedures for survey of public land and how to ascertain their boundaries and contents; and the Federal Tort Claims Act, 28 U.S.C. § 1346, as a tort action against the United States. But the QTA is "the exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. North Dakota*, 461 U.S. 273, 286 (1983).

## DISCUSSION

Venue for a quiet-title action under the QTA is governed by 28 U.S.C. § 1402, which provides in relevant part:

> Any civil action under [29 U.S.C. § 2409a] to quiet title to an estate or interest in real property in which an interest is claimed by the United States shall be brought in the district court of the district where the property is located or, if located in different districts, in any of such districts.

28 U.S.C. § 1402(d).

Because Plaintiffs bring this action seeking to quiet title to property located in the U.S. Virgin Islands, venue properly lies in the District Court of the Virgin Islands. This action is therefore transferred to the United States District Court of the Virgin Islands.[2] *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court of the Virgin Islands.[3] The Clerk of Court is further directed to mail a copy of this order to Plaintiffs and note service on the docket. A summons shall not issue from this Court. This order closes this case.

---

[2] In 2018, Plaintiffs filed a substantially similar complaint in this Court that was also transferred to the United State District Court for the Virgin Islands. *See Heirs v. Zinke*, ECF 1:18-CV-6548, 14 (S.D.N.Y. Aug. 23, 2018). The District Court for the Virgin Islands eventually dismissed the case for lack of subject matter jurisdiction and failure to state a claim. *See Roberts v. Bernhardt*, No. 18-CV-0063, 2019 WL 4806333 (D.V.I. Sept. 30, 2019).

[3] Plaintiffs did not pay the $400.00 in fees to bring a civil action or submit requests to proceed *in forma pauperis* application, that is, without prepayment of fees. *See* 28 U.S.C. §§ 1914, 1915. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2020
        New York, New York

                                                COLLEEN McMAHON
                                                Chief United States District Judge