IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| OSBORNE A. HODGE, JR., IDA SMITH, VERL E. THOMAS, HAROLD A. THOMAS, AMERICA HODGE SMITH, PATRICIA SMITH, ADEMOLA OLUGEBEFOLA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and DAVID L. BERNHARDT, in his official capacity as Secretary of the Interior, U.S. DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, ET AL.,<br><br>Defendants. | Case No. 3:20-cv-0042 |

## ORDER

**THIS MATTER** is before the Court upon the Court's Order to Show Cause (ECF No. 10), entered June 22, 2023, and the Affidavit (docketed as "Letter") of Plaintiff Harold A. Thomas submitted in response thereto. (ECF No. 18).

### I. BACKGROUND AND PROCEDURAL HISTORY

As recounted in the said Order to Show Cause, Plaintiffs originally filed this action in the United States District Court for the Southern District of New York (Case No. 1:20-cv-03451 (S.D.N.Y.)). ECF No. 1 at 1. The New York Southern District Court *sua sponte* transferred the matter to this Court. *See* ECF No. 7. Plaintiffs then appealed the transfer order to the United States Court of Appeals for the Second Circuit (Case No. 20-1661 (2d Cir.)). *See* Notice of Appeal (ECF No. 8, 1:20-cv-03451 (S.D.N.Y.)). By Mandate issued November 16, 2020, the Second Circuit dismissed the appeal for lack of jurisdiction. *See* Mandate (ECF No. 9, 1:20-cv-03451 (S.D.N.Y.); ECF No. 58, Case No. 20-1661 (2d Cir.)), filed November 16, 2020.

After review of the record herein and finding that Plaintiffs failed to take any action to advance this proceeding in the over two and half years since the Second Circuit dismissed their appeal, the Court ordered Plaintiffs to show cause, by written response, why this matter

should not be dismissed for failure to prosecute. ECF No. 10 at 2. In addition, the Court cautioned that if Plaintiffs failed to show cause by the July 21, 2023, deadline, the matter would be dismissed. *Id*.

The record shows that a copy of the order was sent to each individual Plaintiff ECF No. 11, and that only Plaintiff Harold A. Thomas has filed any response to the said Order to Show Cause.[1] The envelopes sent to five other Plaintiffs were returned, bearing the stamp "Return to Sender/Insufficient Address/Unable to Forward," with the one addressed to Plaintiff Ida Thomas also having "no longer live at this address" hand-written across it. *See* ECF Nos. 13-17. The return receipt from the envelope sent to Plaintiff Verl E. Thomas remains outstanding.

In his affidavit, Plaintiff Harold A. Thomas "ask[s] that the matter . . . be transferred back to United States District Court of New York Southern District since the United States is a party defendant and venue is appropriate wherein the Plaintiff resides." ECF No. 18 at 1, ¶ 5. Said Plaintiff also states that he "do[es] not consent to the jurisdiction of this non Article III court to decide this case . . . ." *Id*. at 1, ¶ 8. He further "request[s] a hearing . . . before the case is transferred or dismissed . . . ." *Id*. at 1, ¶ 10.

Because the Court must liberally construe the filings of parties appearing *pro se*, *see, e.g., Morisseau v. Borough of N. Arlington*, Civil action No. 16-8367, 2018 U.S. Dist. LEXIS 51701, at *32 (D.N.J. Mar. 28, 2018) ("Courts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys." (citing Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)), the Court construes Plaintiff Harold A. Thomas's filing as a motion to transfer venue and return this matter to the New York Southern District Court.

## II. DISCUSSION

Motions to transfer venue normally are governed by 28 U.S.C. § 1404. However, as the New York Southern District Court found in its transfer order, this proceeding is an action to quiet title of real property in which the United States claims an interest under 28 U.S.C. §

---

[1] Mr. Thomas's affidavit is dated July 25, 2023; the envelope is postmarked August 16, 2023; and, the document was docketed by the Court on August 22, 2023. Given Mr. Thomas's explanation regarding the reason his response was delayed, the Court accepts it and declines to dismiss the case due to receiving the response to the Order to Show Cause past the stated deadline.

*Hodge et al. v. United States et al.*
Case No. 3:20-cv-0042
Order
Page 3 of 4

2409a. Transfer Order (ECF No. 7), entered May 12, 2020, at 1. Plaintiff is correct that, in cases brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346, venue lies in the jurisdiction where the plaintiff resides. 28 U.S.C. § 1402(a). However, 28 U.S.C. § 1402(d), specifically provides that actions to quiet title of real property in which the United States claims an interest "*shall be brought in the district court of the district where the property is located . . . .*" *Id.* (emphasis added). Thus, the New York Southern District Court properly transferred this matter to this Court because the real property at issue is located in St. John, U.S. Virgin Islands. Accordingly, in the event said Plaintiff desires to maintain this suit, he must litigate it in this Court.

Regarding said Plaintiff's objection to the jurisdiction of this "non Article III court," it is well-settled that this Court has been granted jurisdiction equivalent to an Article III court. *See, e.g., United States v. Virgin Islands*, 363 F.3d 276, 284 n.3 (3d. Cir. 2004) ("The District Court of the Virgin Islands is an Article IV court, but is authorized by statute to exercise jurisdiction equivalent to an Article III court.") *cited in Government Employees Retirement System of the Virgin Islands v. Government of the Virgin Islands*, 995 F.3d 66, 115 n.31 (3d Cir. 2021)); *Prime Hospitality Corp. v. General Star Indem. Co.*, Civil No. 1997-91, 1999 U.S. Dist. LEXIS 6725, at *4-5 (D.V.I. Apr. 29, 2999) ("Although the District Court of the Virgin Islands is not a United States district court established under Article III of the Constitution, Congress nevertheless has granted it the diversity jurisdiction of a true United States district court under 28 U.S.C. § 1331.") Consequently, regardless of said Plaintiff's not "consenting" to the jurisdiction of this Court to hear this matter, this Court has the authority to decide this case.

Finally, notwithstanding said Plaintiff's request, the Court determines that a hearing is not necessary and will exercise its discretion to issue this ruling on the motion without one.[2]

---

[2] Due process does not require a hearing upon every motion or every time a party requests one. *See, e.g., Berger v. Hahnemann Univ. Hosp.*, 765 F. App'x 699, 703 (3d Cir. 2019) ("Due process guarantees a litigant the right to be heard. The right to be heard in the context of a motion to dismiss is satisfied where the plaintiff receives the 'opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion.' Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976); see also FCC v. WJR, The Goodwill Station, Inc., 337 U.S. 265, 276, 69 S. Ct. 1097, 93 L. Ed. 1353 (1949) ('[T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations.'). Oral argument is not required."). This principle is reflected in the Court's Local Rules of Civil Procedure which allow parties to request a hearing on motions, LRCi 7.1(d), but leave the decision to grant such a request to the sound discretion of the Court.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Court's Order to Show Cause (ECF No. 10) is **DISHCARGED**; it is further

**ORDERED** that Plaintiff Harold A. Thomas's motion to transfer venue (ECF No. 18) is **DENIED**; it is further

**ORDERED** that, in the event said Plaintiff chooses to proceed with this matter, he shall file with the Court, no later than **September 30, 2023**, properly prepared Summonses to be issued to Defendants; it is further

**ORDERED** that if no Summonses are filed by the stated deadline, this matter shall be **DISMISSED** without further notice to Plaintiffs; and, it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Order to Plaintiff Harold A. Thomas via certified mail, return receipt requested.

**Dated:** August 23, 2023                    */s/ Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**